**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

DANIEL C. FLINT,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

Case No.

---

## COMPLAINT

1.    Plaintiff, DANIEL C. FLINT, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), seeks compensatory and punitive damages arising from Defendant UNITED STATES OF AMERICA's ("USA") negligence and/or fraud in connection with Plaintiff's indictment, conviction, and incarceration after interaction with the Federal Bureau of Investigation ("FBI") and the Transportation Security Administration ("TSA") on July 25, 2017 on the charge of violating 49 U.S.C. § 46314 as well as subsequent negligence and/or fraud in connection with State Bar of North Carolina and State Bar of Michigan investigations resulting in Plaintiff's disbarment in both jurisdictions.

### Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States of America and is premised on the acts and omissions of Defendants acting under color of federal law.  This Court further has subject matter jurisdiction pursuant to 28 USC § 1346(b), as the action involves a claim against Defendant UNITED STATES OF AMERICA ("USA") for money damages caused by the negligent and/or fraudulent acts and omissions of FBI and TSA employees while acting in the scope and course of

their employment and where USA, if a private person, would be liable to Plaintiff.

3.      Jurisdiction founded upon federal law is proper, as this action is premised on federal causes of action under the FTCA, 28 U.S.C. § 2671, *et. seq.*

4.      On December 16, 2021, Plaintiff presented a claim for damages to the FBI related to the July 25, 2017 interactions resulting in his indictment, conviction, and imprisonment detailing the FBI's tortious conduct.  On June 23, 2022, the office of the General Counsel, on behalf of the U.S. Department of Justice, denied that claim.  This action was then timely filed.

5.      Also on December 16, 2021, Plaintiff presented a claim for damages to the TSA related to the July 25, 2017 interactions resulting in his indictment, conviction, and imprisonment detailing the TSA's tortious conduct.  On August 17, 2022, the office of the General Counsel, on behalf of the U.S. Department of Justice, denied that claim.  This action was then timely filed.

6.      On October 16, 2022, Plaintiff presented another claim for damages to the FBI outlining separate tortious conduct in September 2021 related to the State Bar of North Carolina and the State Bar of Michigan investigations of Plaintiff, which ultimately resulted in his disbarment in both jurisdictions.  Upon information and belief, this claim is still pending and has not been denied at this time.

7.      This action is timely pursuant to 28 U.S.C. § 2401(b), as the claims were presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the claim denials.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), as Defendant resides in this district by virtue of maintaining the capacity to sue and be sued in its common name under applicable law and is subject to this Court's personal jurisdiction with respect to these claims under the FTCA.

**<u>Parties</u>**

9.      Plaintiff is a natural person who currently resides in Macomb County, Michigan.

10.      Defendant is subject to claims for tortious actions caused by the negligent and/or intentional and wrongful acts and omissions by employees of the FBI and the TSA while acting within the course and scope of their office or employment, under the circumstances where Defendant, if a private person, would be liable to Plaintiff.

**<u>Statement of Claim</u>**

11.      On July 25, 2017, Plaintiff was travelling through Chicago Midway Airport on behalf of the International Human Rights Commission ("IHRC") as a diplomatic courier, transporting a diplomatic pouch.

12.      Upon arriving at the security station, Plaintiff identified himself as a diplomatic courier and informed TSA that he was carrying a diplomatic pouch on the IHRC's behalf.

13.      Plaintiff presented the TSA supervisor with his courier letter, diplomatic identification card, and diplomatic pouch.

14.      TSA reviewed the documents and the pouch and permitted Plaintiff to pass through security as normal, but without screening the diplomatic pouch.

15.      Upon information and belief, at some point shortly after Plaintiff's flight departed Chicago Midway Airport, TSA agents from that location contacted TSA and/or FBI agents at the destination, Las Angeles International Airport, and indicated that Plaintiff did not have the requisite credentials to be traveling as a diplomatic courier and to avoid screening of the diplomatic pouch.

16.      Immediately upon landing, Plaintiff was arrested and forcibly removed from the plane as well as his separated from his belongings.

17.     Subsequently, Plaintiff was charged with a felony on the premise that the credentials he had presented when proceeding through TSA, credentials which TSA verified were proper and appropriate, were, in fact, insufficient.  TSA either acted negligently or intentionally fraudulently by taking mutually exclusive positions regarding Plaintiff's diplomatic status.

18.     Plaintiff was detained and questioned by the FBI.  That interview was recorded.  The recording was doctored and portions were removed by the FBI prior to admitting the recoding into evidence in Plaintiff's criminal trial.  The FBI agents who conducted the interview committed perjury during Plaintiff's criminal trial about what was said.  Specifically, the FBI agents testified that Plaintiff indicated that he had never been turned away by TSA in the past, and that was false.  Additionally, the FBI agents testified falsely that Plaintiff indicated he personally had diplomatic immunity, which was also false.

19.     The doctored evidence and false statements under oath were the cause of Plaintiff's conviction, according to the jury when polled after the verdict was entered.

20.     The FBI's recklessly made or intentionally false statements made during Plaintiff's criminal prosecution were the cause of Plaintiff's undue conviction and prison sentence.

21.     Plaintiff has been irreparably injured by Defendant through the negligent or intentionally tortious actions of the TSA.  Either the TSA acted negligently in permitting Plaintiff to proceed without screening of the diplomatic pouch, or it acted intentionally fraudulently when its agents testified that the documentation was insufficient.

22.     Plaintiff has been irreparably injured by Defendant through the negligent or intentionally tortious actions of the FBI.  The FBI agents' testimony regarding Plaintiff's statements was made either in reckless disregard for the truth, or knowing that portions of the audio recording had been removed intentionally to obtain a false conviction.

4

23.     All TSA and FBI agents at issue, whether during the events on July 25, 2017 or as witnesses for Defendant at trial, were operating in the scope and course of their employment by Defendant.

24.     As detailed above, there is no possible explanation for the events other than that the TSA and the FBI acted negligently or intentionally wrongfully in obtaining Plaintiff's conviction.

25.     Consequently, Defendant has been irreparably injured by the deprivation of his freedom due to Defendant's wrongful acts.

26.     The FBI perpetuated its wrongful conduct when Plaintiff was investigated by the State Bar of North Carolina after his release from prison.  In approximately September 2021, FBI agent Rebeca Marriott committed perjury when she falsely testified yet again in relation to that investigation.  Ultimately, Plaintiff was disbarred from legal practice in North Carolina.

27.     Subsequently, Plaintiff was disbarred in Michigan when the State Bar adopted the same false factual findings as testified to by the FBI in the State Bar of North Carolina investigation.

28.     This is a separate act of negligence and/or intentional tortious conduct from the wrongful conduct that resulted in Plaintiff's improper incarceration.

29.     Plaintiff was injured by the FBI's conduct during his state bar investigations by virtue of being disbarred and deprived of the opportunity to practice law and generate income from that profession.

30.     The FBI, and specifically Rebeca Marriott, was acting in the course and scope of its duties to Defendant when participating in Plaintiff's state bar investigations.

31.     Either the FBI testified recklessly, with disregard of the truth of affirmative, sworn testimony, or it operated intentionally fraudulently when repeating the false statements regarding

Plaintiff's criminal proceeding, as detailed above.

32.    The harm to Plaintiff, separately from his incarceration, implicates compensatory damages due to his loss of income resulting from his disbarment.

### Relief Requested

WHEREFORE, Plaintiff, DANIEL C. FLINT, demands judgment against Defendant, UNITED STATES OF AMERICA, as follows:

a.  $10,000,000.00 as compensatory damages;

b.  $100,000,000.00 as punitive damages;

c.  costs of litigation;

d.  post-judgment interest;

e.  and any other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by a jury on all claims.

Respectfully Submitted,

Sigal Law Firm, PLLC

*/s/ Vadim Sigal*

_____
Vadim Sigal (P74067)
vsigal@sigallaw.com
David Adgate
dadgate@sigallaw.com
27041 Southfield Road, Suite 100
Southfield, MI 48076

Date:   December 22, 2022          *Attorneys for Plaintiff*