UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel C. Flint,

     Plaintiff,

v.

United States of America,

     Defendant.

Civil No. 22-13112

Hon. Gershwin A. Drain
Mag. Judge Anthony P. Patti

## <u>DEFENDANT'S MOTION TO DISMISS</u>

Defendant, United States of America, by its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Priya Khangura, Assistant United States Attorney, moves to dismiss of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim upon which relief can be granted. The grounds for this motion are set forth more fully in the attached brief.

Pursuant to Local Rule 7.1(a), counsel for Defendant contacted counsel for Plaintiff via email on April 5, 2023 and explained the nature of this motion and its legal basis and requested to obtain concurrence in the relief sought. Counsel for Defendant followed up with a phone call and voicemail on April 6, 2023. Counsel for Plaintiff did not respond.

Respectfully submitted,

DAWN N. ISON
United States Attorney's Office

By: s/ Priya Khangura
Priya Khangura (CA319527)
Assistant United States Attorney
Attorneys for Defendants
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-0831
Priya.Khangura@usdoj.gov

Dated: April 7, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Daniel C. Flint, | |
| Plaintiff, | Civil No. 22-13112 |
| v. | Hon. Gershwin A. Drain |
| | Mag. Judge Anthony P. Patti |
| United States of America, | |
| Defendant. | |

## <u>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>

### ISSUES PRESENTED

1.  Whether Plaintiff's claims are barred by *Heck v. Humphrey* because they necessarily challenge his conviction and/or sentence, and his conviction has not been overturned.

2.  Whether Plaintiff's claims related to July 25, 2017 alleged conduct are barred by the FTCA's statute of limitations because Plaintiff did not initiate the FTCA's mandatory administrative process until more than two years after his claim accrued.

3.  Whether Plaintiff's claim related to November 2021 alleged conduct should be dismissed for lack of jurisdiction because he failed to exhaust administrative remedies prior to bringing suit.

4.  Whether Plaintiff's claims should be dismissed for failure to state a cognizable claim under the FTCA.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ vi

INTRODUCTION ............................................................................1

BACKGROUND ............................................................................1

LEGAL STANDARD........................................................................4

ARGUMENT ................................................................................5

   I.   Flint's Claims Are Barred by *Heck v. Humphrey*. ...........................5

   II.  Flint's Claims Are Untimely Under the FTCA. ...............................6

   III. Flint Failed to Exhaust his Third Administrative Claim. ...............8

   IV. Flint's Claims Should Be Dismissed for Failure to State a Claim. ...............10

CONCLUSION .............................................................................14

CERTIFICATE OF SERVICE ............................................................15

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................... 4, 13

*Bradshaw v. Jayaraman*,
    205 F.3d 1339, 1999 WL 1206870 (6th Cir. Dec. 9, 1999) ........................... 5, 6

*Duplan v. Harper*,
    188 F.3d 1195 (10th Cir. 1999) .................................................... 9–10

*Garzon v. Luttrell*,
    24 F. App'x 400 (6th Cir. 2001) .................................................... 8–9

*Gilmore v. Gilmore*,
    748 S.E.2d 42 (N.C. Ct. App. 2013) ................................................. 13

*Harris v. City of Cleveland*,
    7 F. App'x 452 (6th Cir. 2001) ...................................................... 9

*Heck v. Humphrey*,
    512 U.S. 477 (1994) ................................................................. 5, 6

*Hertz v. United States*,
    531 F.3d 359 (6th Cir. 2008) ........................................................ 7

*Hinton v. United States*,
    91 F. App'x 491 (6th Cir. 2004) .................................................... 5, 6

*In re Omnicare, Inc. Sec. Litig.*,
    769 F.3d 455 (6th Cir. 2014) ....................................................... 5, 7

*Krywin v. Chi. Trans. Auth.*,
    938 N.E.2d 440 (Ill. 2010) .......................................................... 12

*McNeil v. United States*,
    508 U.S. 106 (1993) ................................................................. 8, 9

*Meier v. Shinseki*,
  626 F. App'x 706 (9th Cir. 2015) ........................................................ 13

*Meyer v. Hubbell*,
  324 N.W.2d 139 (Mich. Ct. App. 1982) ............................................ 13

*Millbrook v. United States*,
  569 U.S. 50 (2013) ............................................................................. 11

*Moir v. Greater Cleveland Reg'l Transit Auth.*,
  895 F.2d 266 (6th Cir. 1990) ............................................................... 4

*Montez ex rel. Estate of Hearlson v. United States*,
  359 F.3d 392 (6th Cir. 2004) ...................................................... 10-11

*Muhammad v. Close*,
  540 U.S. 749 (2004) ............................................................................ 6

*Sherman v. United States*,
  48 F. Supp. 3d 1019 (E.D. Mich. 2014) ............................................. 9

*Sutton v. U.S. Small Bus. Admin.*,
  92 F. App'x 112 (6th Cir. 2003) ....................................................... 12

*United States v. Kubrick*,
  444 U.S. 111 (1979) ............................................................................ 7

*United States v. Ritchie*,
  15 F.3d 592 (6th Cir. 1994) ................................................................ 4

*Wegener v. U.S. Dep't of Educ.*,
  No. 21-2169191, 2021 WL 2169191 (W.D. Mich. Apr. 27, 2021) .................. 11

**Statutes**

28 U.S.C. § 1346 ...................................................................... 12, 13
28 U.S.C. § 2401 ........................................................................... 7
28 U.S.C. §§ 2674–79 ............................................................... 12, 13
28 U.S.C. § 2675 .............................................................. 8, 9, 10, 11

28 U.S.C. § 2680 ............................................................................... 11, 13

49 U.S.C. § 46314 .......................................................................... 1, 2, 3, 6

**Rules**

Fed. R. Civ. P. 12 ..................................................................................... 4

**Regulations**

28 C.F.R. § 14.1 ...................................................................................... 8

28 C.F.R. § 14.2 ...................................................................................... 7

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Heck v. Humphrey*, 512 U.S. 477 (1994)

28 U.S.C. § 2401

28 U.S.C. § 2675

**INTRODUCTION**

Plaintiff Daniel C. Flint brings this action challenging aspects of the investigation and prosecution leading to his 2019 conviction under 49 U.S.C. § 46314(a) and (b)(2) for entering an airport area in violation of security requirements. He asserts negligence or intentional fraud by agents from the Federal Bureau of Investigation (FBI) and Transportation Security Administration (TSA) led to his conviction and disbarment and brings claims under the Federal Tort Claims Act (FTCA) accordingly.

Flint's claims fail for multiple reasons. First, his claims challenging the investigation and prosecution that led to his conviction are barred under *Heck v. Humphrey* because he was found guilty and his conviction has not been overturned. Second, Flint's claims are barred by the FTCA because he failed to timely present and exhaust them as required. Such defects are fatal to Flint's claims in their entirety. But even if these issues did not exist, Flint's complaint fails to state a cognizable FTCA claim, which also necessitates dismissal. Defendant therefore moves to dismiss.

**BACKGROUND**

Flint is an attorney formerly barred in Michigan and North Carolina. (ECF No. 1, PageID.5.) In July 2017, Flint entered Chicago Midway Airport and informed TSA agents that he was carrying a diplomatic pouch on behalf of the

International Human Rights Commission.[1] (*Id.* at PageID.3.) Flint was permitted to pass through security without having the pouch screened for prohibited items and board his flight to Los Angeles. (*Id.*)

During Flint's flight, TSA alerted that Flint lacked diplomatic credentials as indicated and notified FBI agents in Los Angeles. (*Id.*) On landing, Flint was arrested and interviewed by law enforcement agents, including an FBI agent. (*Id.* at PageID.3–4.) The agents searched Flint's pouch, which contained $148,145 in cash in plastic bags. (Ex. 3, pg. 26.) A grand jury then returned a one-count indictment against Flint for entering an airport area in violation of security requirements. 49 U.S.C. § 46314(a), (b)(2). (*Id.*)

Flint's case proceeded to jury trial in October 2018. The jury returned a guilty verdict against him following four days of testimony. (*Id.* at 28.) After post-trial motions, judgment against Flint was entered September 16, 2019. *Flint v. United States*, No. 17-cr-697, ECF No. 171 (C.D. Cal. Sept. 16, 2019). Following his term of imprisonment, Flint was investigated and disbarred by the State Bar of North Carolina. (ECF No. 1, PageID.5.) The bar proceedings involved testimony from an FBI agent. (*Id.*) The State Bar of Michigan also disbarred Flint. (*Id.*)

---

[1] Additional background information is recited in the United States' appellate brief from Flint's unsuccessful appeal of his conviction, No. 19-50300, ECF No. 38, Pages 17–26 (9th Circ. Jan. 11, 2021). (*See* Ex. 3.)

On December 16, 2021, Flint presented administrative tort claims to the FBI and TSA seeking $150 million in damages. (*Id.*; Ex. 1, Harris Decl., pgs. 3–9; Ex. 2, Johnson Decl., pgs. 4–9.) Both claims identify July 25, 2017 as the date the alleged incident occurred and attach a two-page exhibit providing the basis of claim. (Ex. 1, pgs. 3–9; Ex. 2, pgs. 4–9.) For the FBI, Flint alleged the FBI manipulated the audio recording of his interview at LAX and committed perjury at his trial. (Ex. 1, pgs. 6–7.) For TSA, Flint alleged that TSA agents were negligent in either allowing him to proceed through security or notifying FBI agents that he lacked proper credential for a diplomatic courier and that agents committed perjury at trial. (Ex. 2, pgs. 7–8.) Both agencies denied Flint's claims. (ECF No. 1, PageID.2; Ex. 1, pg. 9; Ex. 2, pg. 9.) A few months later, Flint presented another claim to the FBI identifying September 2021 as the approximate incident date. (Ex. 1, pgs. 11–14.) The claim repeated Flint's allegations from the previously denied claim, but added one paragraph alleging that the FBI agent who testified as part of Flint's North Carolina disbarment proceedings lied. (*Id.* at 14.) This third claim is still pending. (ECF No. 1, PageID.2.)

Flint then initiated this action. He asserts claims under the FTCA for "negligence and/or fraud in connection with [his] indictment, conviction, and incarceration after interaction with the [FBI] and [TSA] on July 25, 2017" and "subsequent negligence and/or fraud" in connection with disbarment proceedings

in North Carolina and Michigan. (ECF No. 1, PageID.1.) Defendant seeks

dismissal of Flint's complaint in its entirety.

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction

over the action before it and can be either a facial or factual attack. *United States v.*

*Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In facial attacks, the court accepts the

complaint's allegations as true; in factual attacks, the court "is free to weigh the

evidence and satisfy itself as to the existence of its power to hear the case." *Id.* On

a Rule 12(b)(1) motion, "the plaintiff has the burden of proving jurisdiction." *Moir*

*v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When

challenged, jurisdictional issues must be resolved first, as a court cannot proceed

without jurisdiction. *See id.*

A Rule 12(b)(6) motion to dismiss challenges whether the plaintiff has

sufficiently stated a claim "upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). In resolving a Rule 12(b)(6) motion, the court construes the complaint in

the light most favorable to the plaintiff and accepts all well-pleaded allegations as

true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face" to survive. *Id.* (citation omitted). "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Generally, "at the motion-to-dismiss stage, a federal court may consider only the plaintiff's complaint. However, . . . if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claims," the court "can then consider [those documents] in resolving the Rule 12(b)(6) motion." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014).

## <u>ARGUMENT</u>

### I.   **Flint's Claims Are Barred by *Heck v. Humphrey*.**

Flint's claims must be dismissed because they challenge his conviction or sentence, which has not been reversed or otherwise called into question. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must . . . demonstrate that the conviction or sentence has already been invalidated." *Id.* at 486–87. "A complaint must be dismissed if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Although *Heck* arose in the § 1983 context, the holding extends to tort claims under the FTCA. *See Hinton v. United States*, 91 F. App'x 491, 493 (6th Cir. 2004); *Bradshaw v. Jayaraman*, 205 F.3d 1339, 1999 WL 1206870, at *2 (6th Cir. Dec. 9, 1999).

Flint's claims allege various errors in the investigation and prosecution of his 49 U.S.C. § 46314 charge. Such falls plainly within the *Heck* bar, as Flint's claims "implicitly question the validity of conviction or duration of sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Indeed in *Heck*, the plaintiff alleged that prosecutors and a police investigator engaged in an "unlawful, unreasonable, and arbitrary investigation," leading to his arrest, destroyed exculpatory evidence, and used an illegal voice identification procedure at trial. *Heck*, 512 U.S. at 479. The Court upheld the dismissal of his claims in light of his undisturbed conviction. *Id*. at 490.

Because Flint's claims challenge the quality and integrity of his investigation and prosecution under 49 U.S.C. § 46314, they necessarily question the validity of his resulting conviction and/or sentence. As his conviction and sentence are undisturbed (indeed, his conviction was affirmed by the U.S. Court of Appeals for the Ninth Circuit),[2] his claims are barred under *Heck. See Hinton*, 91 F. App'x at 493; *Bradshaw*, 1999 WL 1206870, at *2. This action should be dismissed accordingly.

## II.    Flint's Claims Are Untimely Under the FTCA.

Even if *Heck* does not bar Flint's claims (it does), the FTCA does. Under the FTCA's statute of limitations, "[a] tort claim against the United States shall be

---

[2] *United States v. Flint*, 848 F. App'x 313, 314 (9th Cir. 2021).

forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A plaintiff's FTCA claim generally accrues at the time of the injury. *Hertz v. United States*, 531 F.3d 359, 362 (6th Cir. 2008). Once accrued, "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues.'" *United States v. Kubrick*, 444 U.S. 111, 113 (1979). Claims are presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident." 28 C.F.R. § 14.2(a).

Here, Flint's complaint and SF-95 forms demonstrate that his first two administrative claims to the FBI and TSA accrued on July 25, 2017. (ECF No. 1, PageID.2 (alleging Flint's claims to the FBI and TSA related to "July 25, 2017 interactions" with the agencies); Ex. 1, pg.4 (listing July 25, 2017 as date of incident); Ex. 2, pg. 4(same).) Because claims are referenced in Plaintiff's complaint and integral to his claims, the Court can consider them on a motion to dismiss. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d at 466. Flint did not present these claims to either agency until December 16, 2021, almost four and a half years after they accrued. (*See* Ex. 1, pg.4; Ex. 2, pg. 4.) With this, Plaintiff's claims as presented to both agencies are plainly time-barred under the FTCA's statute of limitations. *See Kubrick*, 444 U.S. at 124.

Should Flint argue that his claims did not accrue until judgment was entered on his conviction, they are still untimely. After the October 2018 guilty verdict against him, the court entered judgment on September 16, 2019. *See United States v. Flint*, No. 17-cr-697, ECF No. 171 (C.D. Cal. Sept. 16, 2019). In the interim, the court considered several post-trial motions, including one where Flint sought a new trial based on his argument that the FBI doctored the audio recording of his interview using a newly retained expert—which Flint repeated in his first administrative claim to the FBI. (*See* Ex. 3, pgs. 35–38 (summarizing post-trial motions); Ex. 1, pgs. 6–7.) But his claims were not presented until December 16, 2021, which still falls outside the FTCA's two-year statute of limitations. Thus, from all angles, Plaintiff's claims presented on December 16, 2021 are time barred.

## III.    Flint Failed to Exhaust his Third Administrative Claim.

Flint's remaining administrative claim, presented to the FBI on October 31, 2022, fails for lack of exhaustion. The FTCA requires claimants to exhaust their administrative remedies before filing suit. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.1. As such, before a federal suit can be initiated, the agency must deny the claim or, absent denial, six months must have passed since the claim was presented to the agency. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Garzon v. Luttrell*, 24 F. App'x 400,

8

402 (6th Cir. 2001) ("The Supreme Court has held that filing a premature federal action does not satisfy the [FTCA's] exhaustion requirement because the administrative claim must be denied *before* the federal suit is instituted." (citing *McNeil*, 508 U.S. at 111–13)). "If a plaintiff fails to exhaust his or her administrative remedies before filing a suit, then the court lacks subject matter jurisdiction and cannot proceed." *Sherman v. United States*, 48 F. Supp. 3d 1019, 1023 (E.D. Mich. 2014).

Flint has failed to exhaust his October 31, 2022 claim presented to the FBI. (*See* Ex. 1, pgs. 10–14.) He admits that this claim is still pending before the FBI, which blocks judicial review of this claim in this action. (ECF No. 1, PageID.2); *see McNeil*, 508 U.S. at 112; 28 U.S.C. § 2675(a). Flint cannot circumvent the FTCA's strict exhaustion requirements by proceeding with this suit, or even amending his complaint should the FBI deny his claim pending suit, as such runs contrary to the FTCA's exhaustion scheme. *See id.* ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Harris v. City of Cleveland*, 7 F. App'x 452, 459 (6th Cir. 2001) ("Under the plain language of the statute as interpreted by this Court, the district court procedurally lacked subject matter jurisdiction to hear Appellant's FTCA claim in the second amended complaint because the claim had not yet become ripe when the complaint was filed."); *see also Duplan v. Harper*, 188 F.3d 1195, 1199

(10th Cir. 1999) ("We agree . . . that, as a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." (citation omitted)). And it has not been six months since Flint presented his claim to the FBI, so he cannot say the claim is deemed denied under 28 U.S.C. § 2675(a). The Court is therefore required to dismiss Flint's unripe claim for lack of jurisdiction.

## IV.    Flint's Claims Should Be Dismissed for Failure to State a Claim.

Flint's claims fare no better on the merits. As stylized, he brings claims for "negligence" and "fraud." (ECF No 1, PageID.4.) He alleges the FBI doctored the interview recording played at his trial and testified falsely at his trial. (*Id.*) He alleges that TSA acted negligently (by allowing him to proceed through security without screening) or fraudulently (by testifying his credentials were insufficient). He also alleges that the FBI committed perjury in his disbarment proceedings. (*Id.* at PageID.5.) These claims are not cognizable under the FTCA or applicable state law.

First, Flint's fraud claims are barred under the FTCA's intentional tort exception to the waiver of sovereign immunity. "Pursuant to the FTCA, the United States has consented, subject to certain exceptions, to suit for damages for personal injuries caused by the negligence of government employees acting within the course and scope of their employment." *Montez ex rel. Estate of Hearlson v.*

*United States*, 359 F.3d 392, 395 (6th Cir. 2004) (citing 28 U.S.C. §§ 1346(b),

2671–2680). One such exception is the intentional tort exception, wherein

immunity is not waived for "[a]ny claim arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit, or interference with contract rights." *See* 28 U.S.C.

§ 2680(h). For law enforcement officers, there is a re-waiver of sovereign

immunity (known as the "law enforcement proviso") when the claim is based on

"acts or omissions of investigative or law enforcement officers of the United States

Government" and the claim arises out of "assault, battery, false imprisonment,

false arrest, abuse of process, or malicious prosecution." *Id*. But where a claim

against a law enforcement officer is based on libel, slander, misrepresentation,

deceit, or interference with contract rights, the intentional tort exception applies.

*Cf. Millbrook v. United States*, 569 U.S. 50, 54–55 (2013) (law enforcement

proviso of the intentional tort exception "specifies that the conduct must arise from

one of the six enumerated intentional torts"). Fraud claims have been found to

constitute "misrepresentation," "deceit" and "interference with contract rights,"—

distinct from the six intentional torts part of the law enforcement proviso. *See*

*Wegener v. U.S. Dep't of Educ.*, No. 21-2169191, 2021 WL 2169191, at *3 (W.D.

Mich. Apr. 27, 2021), *report and recommendation adopted*, 2021 WL 2156263

(May 27, 2021) (noting "the FTCA excludes fraud and misrepresentation claims"

11

as § 2680(h) excludes claims arising out of "misrepresentation, deceit, or interference with contract rights"); *see also Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 124 (6th Cir. 2003) (applying intentional tort exception to fraud claim). Flint's fraud claims therefore fall within the intentional tort exception and must be dismissed.

Next, Flint fails to state a claim of negligence under applicable state law. Under the FTCA, 28 U.S.C. §§ 1346 (b), 2401(b), and 2671–2680, the United States may be held liable for personal injury caused by the negligent or wrongful act or omission of a federal employee under circumstances where the United States, if a private person, would be liable to the claimant according to the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b). Because Flint's negligence claims appear to focus on conduct by TSA at Chicago Midway Airport, Illinois law applies. (ECF No. 1, PageID.4, ¶¶ 17, 21); *see* 28 U.S.C. §§ 1346(b)(1), 2674–79. To recover damages for negligence under Illinois law, "a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury." *Krywin v. Chi. Trans. Auth.*, 938 N.E.2d 440, 446 (Ill. 2010). Flint pleads none of the elements of this claim as required; rather, he summarily alleges that the TSA agents were negligent. (ECF No. 1, PageID.4.) In so doing,

Flint fails to meet the plausible claim pleading standards. *See Ashcroft*, 556 U.S. at 678. As such, Flint's claim should be dismissed.[3]

Last, Flint cannot pursue his perjury claim based on his disbarment proceedings because it is not recognized under North Carolina law. Because the alleged perjury occurred in North Carolina, the United States' liability for this claim is determined by reference to North Carolina law. *See* 28 U.S.C. §§ 1346(b)(1), 2674–79. But North Carolina does not recognize civil claims for perjury.[4] *See Gilmore v. Gilmore*, 748 S.E.2d 42, 45 (N.C. Ct. App. 2013). As *Gilmore* recognized, "It is well established in North Carolina that neither perjury or subordination or perjury may form the basis for a civil action." *Id.* Flint's perjury claim therefore cannot proceed. *See, e.g.*, *Meier v. Shinseki*, 626 F. App'x 706, 708–09 (9th Cir. 2015) (dismissing FTCA claim based on perjury because there was no state law civil cause of action). The Court should thus dismiss this claim.

---

[3] Because Flint pleads no facts to support his negligence claim, it is unclear what conduct he alleges was negligent. If Flint's claims survive Defendant's motion to dismiss and he amends to clarify the basis for his negligence claims, it is possible the discretionary function exception bars these claims from proceeding. *See* 28 U.S.C. § 2680(a).

[4] Nor does Michigan, to the extent Flint's perjury claim also seeks to challenge the State Bar of Michigan's disbarment proceedings. *See Meyer v. Hubbell*, 324 N.W.2d 139, 141 (Mich. Ct. App. 1982).

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should grant Defendant's motion to dismiss and dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

DAWN N. ISON
United States Attorney's Office

By: <u>s/ Priya Khangura</u>
Priya Khangura (CA319527)
Assistant United States Attorney
Attorneys for Defendants
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-0831
Priya.Khangura@usdoj.gov

Dated: April 7, 2023

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

<div style="margin-left:50%">

s/ Priya Khangura
Priya Khangura
Assistant United States Attorney

</div>