UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL C. FLINT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Case No. 22-13112

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 12]**

**I.   Introduction**

On May 12, 2023, Daniel Flint ("Plaintiff" or "Flint") filed an Amended Complaint (the "Complaint") [ECF No. 10]. Flint brings the instant lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA"). In his Complaint, he names the United States of America (the "Government" or "Defendant") and alleges tortious conduct by the Federal Bureau of Investigation (the "FBI") and the Transportation Security Administration (the "TSA"). Specifically, Flint asserts claims for "negligence and/or fraud in connection with [his] indictment, conviction, and incarceration after [an] interaction with the [FBI] and [TSA] on July 25, 2017." ECF No. 10, PageID.187. He alleges "subsequent negligence and/or fraud" in connection with disbarment proceedings in North

1

Carolina and Michigan as well. Plaintiff also asserts claims for intentional infliction of emotional distress and civil conspiracy. *Id.*, at PageID.193–94.

Before the Court is the Government's Motion to Dismiss, filed on June 16, 2023. Plaintiff responded on July 7, 2023, and the Government replied on July 21, 2023. The Court held oral argument on February 7, 2024. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

## II. Factual Background

Flint is an attorney and former member of the Michigan and North Carolina state bars. ECF No. 10, PageID.189. In July 2017, Flint entered the Chicago Midway Airport and informed TSA agents that he was carrying a diplomatic pouch on behalf of the International Human Rights Commission. *Id.* at PageID.189–90. TSA agents allegedly reviewed Flint's courier letter, his identification card, and permitted him to pass through security and board a flight to Los Angeles without having the pouch screened for prohibited items. *Id.* at PageID.190. During Flint's flight, TSA alerted FBI agents in Los Angeles that Flint lacked diplomatic credentials necessary to travel as a diplomatic courier and bypass screening. *Id.*

Upon landing in Los Angeles, Flint was arrested and interviewed by law enforcement agents, including an FBI agent. *Id.* at PageID.190–91. He was subsequently indicted in California for knowingly and willfully entering a sterile airport area with the intent to evade security requirements under 49 U.S.C. §

46314(a), (b)(2). ECF No. 10, PageID.187. He was found guilty after a jury trial, which included testimony from FBI agent Rebecca Marriot, *inter alia*. *Id*. at 193. The California federal court entered judgment against Flint on September 16, 2019.

Plaintiff believes that FBI agents proffered false statements and doctored evidence at his trial. As such, Flint claims that the "FBI's recklessly made or intentionally false statements made during Plaintiff's criminal prosecution were the cause of Plaintiff's undue conviction and prison sentence." ECF No. 10, PageID.191. Further, Flint maintains that, because he "was charged with a felony on the premise that the credentials he had presented when proceeding through TSA [were invalid,]" and TSA reviewed the credentials before he was allowed to board his flight without having the pouch screened, "TSA either acted negligently or intentionally [sic] fraudulently by taking mutually exclusive positions regarding Plaintiff's diplomatic status." *Id*. at PageID.190-191.

Following his conviction and a term of imprisonment, Flint was investigated and disbarred by the State Bar of North Carolina. ECF No. 10, PageID.192. The disbarment proceedings involved testimony from Agent Marriot as well. *Id*. The State Bar of Michigan also disbarred Flint, adopting the same factual findings the State Bar of North Carolina relied on in disbarring him. *Id*. at PageID.192–93. The respective disbarments allegedly occurred in or around September 2021. *Id*. at PageID.192. Plaintiff's Complaint avers that Agent Marriot made false statements

3

in the testimony she gave during the disbarment proceedings, which is a "separate act of negligence and/or intentional tortious conduct from the wrongful conduct that resulted in Plaintiff's improper incarceration." *Id*. at PageID.193. Plaintiff also presented administrative tort claims pertaining to his conviction and disbarments to the FBI and TSA.

Defendant urges the Court to dismiss Flint's suit pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Government argues that (1) "his claims challenging the investigation and prosecution that led to his conviction are barred under *Heck v. Humphrey* because he was found guilty and his conviction has not been overturned"; (2) "Flint's claims are barred by the FTCA because he failed to present and exhaust them as required"; and (3) even if these issues did not exist, "Flint's amended complaint fails to state a cognizable FTCA claim[.]" ECF No. 12, PageID.207.

As explained *infra*, because the Court concludes that Plaintiff's claims are barred by *Heck v. Humphrey*, the Court does not address the Government's second and third arguments.

### III.  Applicable Law and Analysis

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction over the action and can be either a facial or factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In facial attacks, the court accepts the complaint's allegations as true; in factual attacks, the court "is free to weigh the evidence and

4

satisfy itself as to the existence of its power to hear the case." *Id*. On a Rule 12(b)(1) motion, "the plaintiff has the burden of proving jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When challenged, jurisdictional issues must be resolved first, as a court cannot proceed without jurisdiction. See *id*.

"Dismissal under Rule 12(b)(6) is appropriate only if there is no set of facts in the pleadings that would allow the plaintiff to recover." *Reed v. Family Life Ins. Co.*, 86 F.3d 1156 (6th Cir. 1996). "The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true." *Morgan v. Church's Fried Chicken*, 829 F.2d 10 (6th Cir. 1987).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must . . . demonstrate that the conviction or sentence has already been invalidated." *Id*. at 486–87. "A complaint must be dismissed if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Although *Heck* arose in the § 1983 context, the holding extends to tort claims under the FTCA. See *Hinton v. United States*, 91 F. App'x 491, 493 (6th Cir. 2004) ("[P]laintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the

invalidity of plaintiff's disciplinary conviction."); see also *Bradshaw v. Jayaraman*, 205 F.3d 1339, 1999 WL 1206870, at *2 (6th Cir. Dec. 9, 1999).

Flint's conviction was upheld by the Ninth Circuit, *United States v. Flint*, 848 F. App'x 313 (9th Cir. 2021), and it has not been overturned. His Complaint alleges that Agent Marriot committed perjury during his trial. Flint says she "testified that Plaintiff indicated that he had never been turned away by TSA in the past, and that was false." ECF No. 10, PageID.191. Additionally, he asserts that the FBI agents falsely stated "that Plaintiff indicated he personally had diplomatic immunity[.]" *Id*. All of Plaintiffs claims, as stated in the complaint, are based on the testimony that Agent Marriot gave during his disbarment proceedings, which is substantially similar to the testimony she gave during Plaintiff's trial.

Plaintiff concedes that "any claims related to his prosecution and incarceration are precluded by *Heck v. Humphrey*." ECF No. 14, PageID.347. With respect his disbarments, however, Plaintiff avers that they "did not result from his criminal conviction, but[,] rather[,] [they] w[ere] [caused by] erroneous factual conclusions [suggesting] that Plaintiff lied to the FBI." ECF No. 14, PageID.347. And these factual conclusions were allegedly "precipitated by FBI Agent Rebecca Marriott's false testimony during bar proceedings separately from Plaintiff's prosecution." *Id*.

Attached as an exhibit to Flint's response to the Government's Motion to Dismiss is an "Order of Discipline" rendered by the Disciplinary Hearing

6

Commission of the North Carolina State Bar (the "Commission"). It accuses Flint of showing TSA agents fraudulent diplomatic credentials at Chicago's O'Hare International Airport ("O'Hare"). ECF No. 14, PageID.359. He was allegedly turned away from O'Hare and he subsequently attempted to board a flight at Chicago Midway Airport with the same purported credentials. *Id*.

In the "Findings of Fact" section of the Order, it states that "Flint told Special Agent R. Marriot of the FBI that he had not [previously] been turned away from an airport security checkpoint . . . when presenting his purported diplomatic credentials." *Id*. at PageID.360. "Flint knew at the time he made the statement to Special Agent R. Marriot that it was false[,]" the Commission wrote. In the "Conclusions of Law" section of the Order, the Commission found that "[b]y knowingly making a false statement to the FBI that he had not previously been turned away from an airport security checkpoint when presenting his purported diplomatic credentials, Flint committed criminal acts that reflect adversely on his honesty, trustworthiness or fitness as a lawyer in violation of Rule 8.4(b) and [he] engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rule8A(c)." *Id*. at PageID.361.

Pursuant to 49 U.S.C. § 46314(a) and (b)(2), a person may not knowingly and willfully enter an airport area that serves an air carrier in violation of security requirements and regulations prescribed under 49 U.S.C § 44901 and 44903(c).

7

Pursuant to § 46314(b)(2), a person violating subsection (a) "with intent to evade security procedures or restrictions[,] or with intent to commit, in the aircraft or airport area, a felony under a law of the United States or a State[,]" shall "be fined under title 18, imprisoned for not more than 10 years, or both." At his trial, the jury heard testimony—including the same testimony Agent Marriot later gave during Flint's disbarment hearings—and concluded that he was guilty of §§ 46314(a) and (b)(2). The jury likely relied on Marriot's testimony to establish Flint's intent to evade security restrictions under § 46314(b)(2). And the Commission relied on Marriot's same testimony, repeated during his disbarment proceedings, to support its conclusion that discipline was warranted.

Judgment in favor of Plaintiff would necessarily entail a finding that Marriot provided false testimony during his disbarment proceedings. The testimony Marriot provided at Flint's disbarment proceedings and at his trial were substantially and materially similar. Thus, a judgment in favor of Flint here would call into question the intent element of his conviction for § 46314(b)(2). And without the intent element being satisfied, Flint's conviction under that subsection is precarious. Because Flint's challenge to the accuracy of the testimony Marriot gave in his disbarment proceedings would also call into question the accuracy of the testimony she gave in support of his criminal conviction, judgment in favor of Plaintiff on any of his claims would necessarily imply the invalidity of his conviction. See generally

8

*Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) ("As the Ohio Ninth District Court of Appeals upheld Hodge's criminal conviction, and that conviction still stands, the district court was correct in stating that Hodge is not eligible for damages related to the search that supported his conviction.").

For these reasons, Plaintiff's claims are barred by *Heck v. Humphrey,* and he fails to state a claim upon which relief can be granted.

## IV. Conclusion

Defendant's Motion to Dismiss is **GRANTED**. Plaintiff acknowledges that "he cannot pursue claims for wrongful conviction or incarceration but intends to pursue those claims once his conviction is set aside." ECF No. 14, PageID.348. This cause of action is **DISMISSED WITHOUT PREJUDICE**. See *Hodge*, 126 F. App'x at 223 ("if Hodge is able to get his conviction reversed or otherwise expunged in the future, Hodge could then re-assert this claim."). If Flint's convictions are overturned or expunged, he may refile his claims.

**SO ORDERED.**

Dated: February 7, 2024  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 7, 2024, by electronic and/or ordinary mail.
s/ Lisa Bartlett
Case Manager